Wei Gu

TRONFUTURE Law

305 Broadway, STE. 719

New York, NY 100007

T: +1 (212) 897-5842

davidgu@tronfuturelaw.com


Attorney for Plaintiff

---

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Henan Pianpiao Xiao Le Commerce Co., Ltd., a Chinese Limited Liability Company | CASE NO. |
| | JUDGE |
| Plaintiff | MAGISTRATE JUDGE |
| v. | |
| Sud Scrub Inc., a California Liability Company | COMPLAINT |
| Defendant | |

Plaintiff, Henan Pianpiao Xiao Le Commerce Co., Ltd. ("Pianpiao" or "Plaintiff"), for its Complaint against Defendant, Sud Scrub Inc. ("Sud Scrub"), hereby alleges as

follows.

## NATURE OF THE ACTION

1.      This is an action for a declaratory judgment of non-infringement of a patent arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.      Plaintiff seeks a declaration that its scrubber device products (the "Accused Products") do not infringe any claim of U.S. Patent No. 12,342,971 B2 (the "'971 Patent").

## PARTIES

3.      Plaintiff is a company organized and existing under the laws of the People's Republic of China, with a principal place of business at No. 007, west side of the road, 100 meters south of the intersection of Dasi Road and Shangdu Road, Duji Town, Yucheng County, Shangqiu City, Henan Province.. Plaintiff sells various household and personal care products, including the Accused Products, under the brand name "QiaKeoo".

4.      Upon information and belief, Defendant Sud Scrub Inc. is a California corporation with its principal place of business at 1042 Central Ave, San Gabriel, CA 91776. Defendant is the assignee of the '971 Patent.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      An actual and justiciable controversy exists between Plaintiff and Defendant because Defendant has alleged that Plaintiff's Accused Products infringe the '971 Patent, creating a reasonable apprehension of litigation.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)

FACTUAL ALLEGATIONS I

(Plaintiff's Independent Development and Prior Commercial Use)

8. Plaintiff is the seller of silicone body scrubber products on Amazon.com under the store name "QiaKeoo".

9. Plaintiff independently developed the Accused Products, adopting a unique structural design that includes, among other things, a specific Y-pattern scale structure and a double-ring center.

10. Plaintiff has a vested and long-standing commercial interest in the Accused Products. Specifically, Plaintiff began commercially offering the Accused Products for sale to the public in the United States on or about August 14, 2023.

11. Since August 2023, Plaintiff has built substantial goodwill and a significant customer base for the Accused Products, maintaining the same structural design that is now the subject of Defendant's allegations.

FACTUAL ALLEGATIONS II

(The Existence of a Patent Dispute)

12. Defendant has asserted its rights under the '971 Patent against Plaintiff's Accused Products by submitting patent complaints to Amazon.com.

13. On or about December 16, 2025, Defendant submitted a patent infringement complaint to Amazon (Complaint ID: 18873333131), alleging that Plaintiff's products infringe the '971 Patent. This complaint targeted ASINs: BODNN42PZX, BOCPM2HL7W, BOFDQRM6PZ, BODNCXW3WG, and BODNN32YST .

14. On or about December 17, 2025, Defendant submitted a second patent infringement complaint to Amazon (Complaint ID: 19110233261), alleging infringement of the same '971 Patent. This complaint targeted ASINs: BOCPM21DYL, BOFJF2HZT9, BOCPM719N2, BOCDBQP8M2, and BOCDBRVFFL .

15. Based on Defendant's allegations, Amazon removed all of the

aforementioned listings from its platform.

### COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

16. Plaintiff incorporates by reference the allegations in paragraphs 1 through 15.

17. The Accused Products do not infringe any claim of the '971 Patent.

18. The Accused Products lack at least one element required by the claims of the '971 Patent.

19. The Accused Products lack this essential element. Instead of a second array of bristles, the Accused Products feature scales arranged in a Y-pattern.

20. These Y-pattern scales form stable triangular structures intended to prevent deformation. This structure and function are substantially different from the bristles claimed in the '971 Patent.

21. The Accused Products further include unique features not present in the '971 Patent, including split-tip massage bristles and a double-ring center structure for lathering.

22. The continuous and prior commercial use of this Y-pattern structure confirms that it is a distinct technical design, developed independently of the '971 Patent, and it performs a fundamentally different function (structural stability) than the bristles claimed in the patent.

23. Because the Accused Products lack at least one element required by the claims of the '971 Patent, and because the Accused Products were independently developed and commercially used prior to any alleged assertion by Defendant, the Accused Products do not infringe the '971 Patent.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter a judgment declaring that Plaintiff's Accused Products do not infringe any claim of U.S. Patent No. 12,342,971 B2;

B. Grant such other relief as the Court deems just and proper.

Dated: 02/02/2026

Respectfully submitted,

**TRONFUTURE LAW PLLC**

By: *Wei Gu*

**Wei Gu**

NY State Bar No. 5765896

305 Broadway, STE. 719

New York, NY 100007

T: +1 (212) 897-5842

davidgu@tronfuturelaw.com